MARTIN, Adm'r &c., vs. THE AMERICAN EXPRESS COMPANY.

An allegation of partnership, if not denied by affidavit within the usual time of pleading, must be considered as admitted, although denied in an *unverified* answer.

In an action brought by an administrator against "The American Express Company," under that name, as sole defendant, pursuant to the provisions of ch. 204, Pr. Laws of 1858, H. S. was alleged in the complaint to be one of the partners constituting said company, and this allegation was not properly denied. *Held*, that H. S. must be regarded as a party to the action, and could not be a witness for the plaintiff.

Where state bonds entrusted to an express company for delivery are lost through its negligence, the owner may recover their value without stating in the complaint, or furnishing to the company as a condition precedent, the numbers or dates of the bonds; there being no rule of the company requiring it.

The U. S. Express Company received a package at New York to be delivered at Madison, in this state, and transferred the same to defendant, at Buffalo, N. Y., that being the most western point to which the U. S. Company then carried packages destined for Wisconsin.    The receipt given by said last named company declared that it would not be liable for any loss or damage of any package for over $150, unless the just and true value thereof was stated in said receipt. *Held*, that the defendant was not a party to this contract, and could not avail itself of the conditions thereof.

APPEAL from the Circuit Court for *Rock* County.

This action was brought to recover the value of five $1000 bonds, of the state of California, bearing interest at seven per cent., alleged to have been delivered to the defendant as a common carrier, September 6th, 1857, at the city of Buffalo, New York, addressed to the plaintiff's intestate, John T. Mar-

tin, at Madison in this state, and lost through the negligence of defendant's servants.    There were other counts for negligence of the defendant as a bailee for hire.    The complaint alleges, *inter alia*, that Henry Wells, John Butterfield, Hamilton Spencer and others named, "are partners under the firm and style of the *American Express Company*," and that by virtue of the provisions of ch. 204, Pr. Laws of 1858, plaintiff is authorized to prosecute this action against said partners under that name, &c.    The answer was in effect a general denial; and the pleadings were not verified.    There was no affidavit on the part of any one named in the complaint as a partner, denying the alleged partnership.

On the trial, the defendant objected to any evidence being given under the complaint, because it did not give the dates or numbers of the bonds alleged to have been lost, or otherwise sufficiently describe them to warrant the reception of evidence as to their delivery, &c.; but the objection was overruled.    It appears from the plaintiff's evidence that the bonds were bought for John T. Martin in 1856, by Atwood & Co., of New York city, and were held by them subject to said Martin's order, until September, 1857, when he wrote to one Lawrence, then in that city, to procure said bonds from Atwood & Co., and have them sent to Madison by express; that Lawrence, on the 4th of September, procured the bonds and put them in a sealed package, addressed to said Martin, at Madison in this state, and delivered the same to the United States Express Company, and took the receipt of said company, which he forwarded to said Martin; but that he did not take any note of the numbers of said bonds.    The following is the form of said receipt:    "[Date, &c.] ———— has delivered to us one package bonds, said to contain ———, valued at $5,000 ; marked as follows: J. T. Martin, Madison, Wisconsin; which we undertake to forward to ———, or the nearest agency of this company, only perils of navigation excepted ; and it is hereby expressly agreed that the said United States Express Company

are not to be liable for any loss or damage except as forward-
ers only, nor for any loss or damage of any box, package or
thing for over $150, unless the just and true value thereof is
herein stated," &c., &c.  [Signed for the proprietors.]  " Con·
tents unknown."   The plaintiff's evidence also tended to show
that the package was delivered to the *American Express Com-
pany* at Buffalo, to be carried thence to Madison, in accordance
with the arrangements then existing between the two compa-
nies ; that in the " Pass Book " of said company defendant,
under date of September 8th, 1857, was the following entry :
" Pa. Bds.—5,000—J. T. Martin—5.00 ;" and that the bonds
were never delivered to said Martin, the servants and agents
of the company claiming that the safe in its office was open-
ed and its contents stolen during the night after the package
arrived.   The testimony introduced by plaintiff tended also
to show that the lock to the safe in the defendant's office was
not in a condition to be fit for use; that no one slept in
the office, and that the agent was careless in regard to
the keys of the office and safe, in consequence of which
carelessness (if at all) they were stolen during the night
of the 8th September, and the office and safe entered.
The plaintiff also proved the market value of the bonds at
that time.   The defendant moved for a nonsuit, on the ground
that the complaint did not state a cause of action, and because
neither the complaint nor the proof showed the numbers or
the dates of the bonds, or gave any description whatever by
which said bonds could be described or identified.   Motion
denied.   The defendant then introduced evidence to show that
its safe was entered and robbed of all its contents the night of
the 8th of September, and that the safe and building had been
properly locked up the evening before the robbery, &c.   It
appeared from the evidence that J. T. Martin had been con·
nected with the Bank of the Capital at Madison, but sold out
his interest in the spring of 1857 ; and that one J. M. Dicken·
son was cashier of said bank in September, 1857.   H. A.

Douglass, who was agent for the defendant at that time, testified for defendant that the package for Mr. Martin, which was in the express office the evening before the robbery, was addressed to the care of the Bank of the Capital, or of Mr. Dickenson; that Mr. Dickenson was in the habit of calling at the office for packages; that he came into the office that night a little later than usual, and asked if there was anything for him; that witness said there was a package to his care, and turned to the safe to get it, but Dickenson said he was on his way home, and would not take it. Mr. Dickenson was called for the plaintiff, and testified : " I stopped in at the express office on the evening referred to by Mr. Douglass, and asked if there was any package for me. Douglass said ' No;' thêre is one for Martin.' I said I would tell Martin. I am positive Douglass did not say it was addressed to my care." Mr. Douglass also testified that the entry in the Pass Book—" Pa.—Bds.—5000 —5.00" meant "Package of Bonds; value $5,000; charges $5.00."

The defendant offered as a witness Hamilton Spencer, who is alleged in the complaint to be one of the partners constituting the *American Express Company*, offering to show " that he was not then a stockholder or interested in the event of this suit;" but the court, on plaintiff's objection, refused to receive his testimony.

The defendant asked the court to instruct the jury that by the receipt given to Mr. Lawrence as above stated, the plaintiff could not recover over $150, if the true value of the bonds was not stated on the package; but the instruction was refused. Verdict for the plaintiff for $5,795.93; motion for a new trial denied; and judgment upon the verdict; from which the defendant appealed.

*Geo. B. Smith*, for appellant, argued, among other things, that the loss in this case resulted from the negligence of the plaintiff or his agent in New York in not making a note of the numbers and dates of the bonds; as, in case that had been

done, the express company could at a slight expense have obtained duplicate bonds from the state of California. These bonds were not due ; only the interest was payable semi-annually, the principal in twenty years. Whenever a coupon should be presented for payment, it would at once afford a clue to the bonds, each coupon having the same number as the bond. By the fault of the plaintiff it is now impossible to tell whether these bonds have been destroyed or are still in existence. " Where the damage complained of happens from the owner's neglect, and not from the neglect of the carrier &c., he is not liable." Chitty on Con. (ed. of 1851), 419 ; *Whalley v. Ray*, 3 Esp., 74 ; *East India Co. v. Pullen*, Stra., 690 ; *Sparrow v. Caruthers*, id., 1236. It cannot be said that the company should have demanded to know the numbers of these bonds, and, having neglected to do so, should suffer the loss: for it is clearly not the duty or even the right of an express company, or other common carrier, to demand to see the contents of any package entrusted to their care. If the package had contained promissory notes, bills of exchange or personal bonds, and it had been lost, the makers being solvent, the plaintiff could not have recovered, because the notes &c. could be collected, although lost. *Fales v. Russell*, 16 Pick., 315 ; *Almy v. Reed*, 10 Cush., 421. Yet this could not be done unless the plaintiff could give some description of the papers, by which they might be known and distinguished. If the bonds in question had been destroyed by fire while in the keeping of the defendant, no court would allow the plaintiff to recover their value without furnishing the numbers by which new bonds might be procured from the state of California. It would hardly avail in that case to say that the defendant should have insisted on seeing the inside of the package and knowing its contents. The court would say that the plaintiff, in parting with property of this character, should keep the means of identification in his own possession, and that failure to do so was a neglect for which he alone should suffer. The difference be-

tween bank bills and bonds of this character is pointed out in *Tower v. Appleton Bank*, 3 Allen, 387–391.

*E. & C. T. Wakeley*, for respondent, argued that the instruction asked was properly refused, 1. Because the condition expressed in the receipt was binding only between the plaintiff and the U. S. Express Co.; the defendant was not a party to the contract between them. 2. The object of the condition is to protect the company against *fraud* in *understating* the value. There is no ground for any charge of a fraudulent purpose in placing on the package the nominal par value of the bonds. Under the instruction as asked, if by inadvertence, accident or mistake the true value was not stated with absolute accuracy, the plaintiff could not recover. Story on Bailm., §§ 565 et seq.; 8 Pick., 182.—As to the responsibility of common carriers in cases like the present, counsel cited *Marshall v. Am. Exp. Co.*, 7 Wis., 1; Ang. on Carriers, §§ 103, 148, 191, 280–287, 315, 450, 471–2; Parsons on Merc. Law, 207–210 (and notes), 213 et seq.; Story on Bailm., §§ 447, 544, 529, 554; Sedgwick on Dam., 372, 517; 1 Term, 27; 3 Man. & Gr., 644; 1 Saunders' Pl. and Ev., 702 et seq.

*By the Court,* DOWNER, J. The counsel for the appellant contends that the circuit court erred in refusing to receive the testimony of Hamilton Spencer. He is alleged in the complaint to be a partner with others therein named, under the name and style of *The American Express Company*. Ch. 204, Private Laws of 1858, provides that these partners may be sued by the style of " *The American Express Company*." This suit is brought according to the provisions of that chapter; and the allegation of partnership, not being denied by affidavit within the usual time of pleading, must be considered admitted, notwithstanding the denials of the answer, which is not verified. R. S., ch. 137, sec. 98. Hamilton Spencer, then, must be regarded as a partner at the time the cause of action accrued, and as a party to the action, though the suit in form

is against *The American Express Company.* The plaintiff suing as administrator, the circuit court rightly ruled that Spencer was not a competent witness.

The counsel for the appellant has maintained with great earnestness, that the complaint is defective, and the evidence insufficient, for the reason that there is no allegation or proof as to the numbers or dates of the bonds. He says, if the defendants had the numbers and dates of the bonds, they could, by giving to the state of California a bond of indemnity, have procured other bonds in lieu of those lost; also that if they had such information they might have traced and found the lost instruments. This may be true. He has cited no authorities to show that the plaintiff must furnish either the dates or numbers of the bonds, as a condition precedent to recovery; and we know of no rule of law to that effect. There was no rule of the express company requiring it. The position we must therefore hold untenable.

The court below rightly refused to charge the jury "that by the receipt attached to the deposition of Lawrence, the plaintiff (if otherwise entitled to recover) could not recover over $150, if the jury should find that the true value of said bonds was not on said package." The defendant was not a party to that contract or receipt.

We see no errors in the proceedings in the circuit court to the injury of the appellant.

Judgment of the court below affirmed, with costs.